# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>  **Plaintiff,**<br><br>  v.<br><br>**M.T. Laney Company, Inc.,**<br>5400 Enterprise Street<br>Eldersburg, MD 21784<br><br>and<br><br>**Laney Materials LLC T/A The Recycling Center**<br>5400 Enterprise Street<br>Eldersburg, MD 21784,<br><br>  **Defendants.** | Civil Action No.<br><br><br><br><u>**COMPLAINT**</u><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission (hereinafter "EEOC," "Commission," or "Plaintiff") brings this action against Defendants M.T. Laney Company, Inc. (hereinafter "M.T. Laney") and Laney Materials LLC T/A The Recycling Center (hereinafter "Laney Materials LLC") (collectively "Defendants") under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963 ("EPA") to remedy sex discrimination against Debra Blush. As is alleged with greater particularity below, Defendants engaged in a pattern of discrimination against Blush, in violation of Title VII and the EPA, by paying her lower wages than those paid to her male counterpart despite performing equal work under similar working conditions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1), (3) and 707 of Title VII, as amended, 42 U.S.C. §§ 2000e-3(a), and 2000e-5(f)(1) and (3); as well as pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. It is also authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, 29 U.S.C. § 215(a)(3), 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Baltimore Division.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections 706(f)(1), (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant M.T. Laney has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant M.T. Laney has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant M.T. Laney has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of

Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant M.T. Laney has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

8. At all relevant times, Defendant Laney Materials LLC has continuously been a Maryland limited liability corporation with its principal office in Eldersburg, Maryland, doing business and operating in the State of Maryland.

9. At all relevant times, Defendant Laney Materials LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

10. At all relevant times, Defendant Laney Materials LLC has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all relevant times, Laney Materials LLC has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

12. At all relevant times, Defendants M.T. Laney and Laney Materials LLC have operated as a single employer and in this regard have maintained interrelated operations: common management; centralized control of labor relations and personnel; and common ownership and financial control.

   a. Melvin Laney is the President and majority owner of Defendant M.T. Laney and Michael Laney and Joe Laney are the minority owners of Defendant M.T. Laney.

   b. Michael Laney is the President and majority owner of Defendant Laney Materials LLC and Melvin Laney holds the remaining ownership of Defendant Laney Materials LLC.

   c. Michael Laney is the registered agent for Defendant Laney Materials LLC.

   d. Defendant M.T. Laney has hiring and firing authority over employees at Laney Materials LLC.

   e. Payroll functions for Defendants M.T. Laney and Laney Materials LLC were performed by Defendant M.T. Laney.

   f. Documents maintained in both Defendants' personnel files contain the letterhead of Defendant M.T. Laney.

   g. Defendant M.T. Laney processed leave and vacation requests for Laney Materials LLC employees.

   h. Defendants M.T. Laney and Laney Materials LLC have the same business address.

   i. Defendant M.T. Laney responded to Blush's charge of discrimination during the Commission's investigation, referring to Laney Materials LLC as "our" office, referencing the "Laney companies," and generally treating both companies interchangeably.

## STATEMENT OF CLAIMS

13. More than thirty days prior to the institution of this lawsuit, Debra Blush filed a

charge with the Commission alleging violations of Title VII and the EPA by Defendants.

14.     On or around July 15, 2015, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII and the EPA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

15.     The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

17.     On or around August 13, 2015, the Commission issued to Defendants a Notice of Failure of Conciliation.

18.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

### STATEMENT OF TITLE VII CLAIM AGAINST DEFENDANTS

19.     Since at least May 2012, Defendants engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by engaging in a continuous practice of suppressing the wages of Blush, a female, because of her gender. In particular:

a.      Defendants hired Blush on or around May 21, 2012, as an office manager at a starting salary of $45,000. In May 2013, Respondents increased Charging Party's salary to $47,600.

b.      The primary job duties of an office manager include, without limitation, accounts payable, accounts receivable, job ticket conversion, and insurance duties.

c. When Defendants hired her, Blush had approximately 30 years of relevant office management and accounting experience.

d. In or around September 2013, Defendants hired Rich Turpin as an accounts/sales manager with a starting salary of $52,000.

e. Turpin had approximately 10 years of relevant accounting experience when Defendants hired him.

f. Blush, per Defendants' direction, trained Turpin to perform various functions of her job.

g. Despite his different job title, Turpin performed substantially equal work as Blush. Specifically, he assisted Blush with her job duties and helped with bank deposits, accounts receivable, and credit card collections duties.

h. Blush learned of the pay disparity between herself and Turpin in or around December 2013.

i. In or around April 2014, Blush raised the issue of pay inequity to the President and majority owner of Laney Materials LLC, Michael Laney, and Joe Laney, a minority owner of M.T. Laney, and requested a pay increase so her compensation would equal Turpin's compensation. Michael and Joe Laney replied that they would review the pay structure.

j. On or around July 16, 2014, Defendant M.T. Laney's Controller, Rick Garrett, informed Blush that she would receive a pay increase of $20 per week, which would have resulted in an annual salary of approximately $48,640. Even with the pay increase, Blush would have been paid $3,360 less than Turpin, whose salary was $52,000.

k. Blush expressed her dissatisfaction to Controller Garrett, who replied that with the $20 pay increase she would be the highest paid woman at the corporate office in Eldersburg (the location of Defendant M.T. Laney Co., Inc.).

l.  Blush resigned shortly thereafter on July 21, 2014.

m.  In June 2015, Turpin contacted the Commission to inform it that Defendants had instructed him to lie to the Commission during its investigation and to embellish his duties so Defendants could "shoot down Ms. Blush's case."

20.  The effect of the practices complained of above in Paragraph 19 has been to deprive Blush of equal employment opportunities and to otherwise adversely affect her status as an employee because of sex.

21.  The unlawful employment practices complained of above were intentional.

22.  The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Blush.

## STATEMENT OF EPA CLAIM AGAINST DEFENDANTS

23.  Since at least May 2012, Defendants violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying lower wages to Blush than those paid to her male comparator, including but not limited to, Turpin, in the same establishment for substantially equal work requiring equal skill, effort, and responsibility, and which are performed under similar working conditions.

24.  As a result of the acts complained of above, Defendants unlawfully withheld the payment of wages due to Blush, who received lower compensation than male employees, including but not limited to Turpin, despite performing equal work under similar working conditions.

25.  The unlawful employment practices complained above in Paragraphs 23-24 were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and terms and conditions of employment, and from engaging in retaliation against employees who oppose practices made unlawful by Title VII and the EPA;

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for women with regard to pay and terms and conditions of employment and eradicate the effects of its past and present unlawful employment practices;

C. Order Defendants to make whole Blush by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial;

D. Order Defendants to make whole Blush by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, frustration, and humiliation, in amounts to be determined at trial;

E. Order Defendants to pay Blush punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

F. Order Defendants to pay Blush appropriate back wages described above, in amounts to be determined at trial;

G. Order Defendants to pay Blush liquidated damages for its willful conduct described above, in amounts to be determined at trial;

H. Grant such further relief as this Court deems necessary and proper in the public interest; and

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney

AMBER TRZINSKI FOX
Trial Attorney
Bar ID 803666
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2763 (phone)
amber.fox@eeoc.gov